UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A. DOE, RESIDENT OF LACKAWANNA COUNTY AND M. DOE, RESIDENT OF LACKAWANNA COUNTY, | : : : | |
| | : | CIVIL ACTION LAW |
| PLAINTIFFS | : | |
| | : | JURY TRIAL DEMANDED |
| vs. | : : : | |
| CITY OF SCRANTON; CARL GRAZIANO, CHIEF OF POLICE; DINA ALBANESI HAMMER; THOMAS MCDONALD and JOHN/JANE DOE 1-5 | : : : : : | |
| | : | NO: |
| DEFENDANTS | : | |

## PLAINTIFFS' COMPLAINT

AND NOW come Plaintiffs, A. Doe and M. Doe, by and through their

attorney, Matthew T. Comerford, Esquire of COMERFORD LAW and aver as

follows:

## I.    JURISDICTION AND VENUE

1.    This action is authorized, initiated, founded upon and arises under the

provisions of Federal Law, particularly the 4th Amendment and 14th Amendment to

the United States Constitution; Civil Rights Act of 1871, 42 U.S.C. §1983, 1985,

1986 and 1988.

2.     The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §1331, §1324 and §1367.

3.     The violations of Plaintiffs' rights as alleged herein were committed within the Middle District of Pennsylvania.

## II.    PARTIES

4.     Plaintiffs A. Doe and M. Doe are adult citizens and residents of the Commonwealth of Pennsylvania and at all times material to this cause of action resided in the Middle District of Pennsylvania.  The pseudonyms A. Doe and M. Doe are being used to protect the identities of Plaintiffs and to protect their interest in maintaining privacy due to the embarrassing nature of the within averments.

5.     Defendant, City of Scranton (hereinafter referred to as "Defendant City"), is a municipal corporation and governmental entity within the Commonwealth of Pennsylvania empowered to establish, regulate and control its police department for enforcement of laws and ordinances within its jurisdiction and for the purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of the Defendant City.

6.     Defendant City owns, manages, directs and controls the customs, policies, practices and employees of the Scranton Police Department.

7.     Defendant, Carl Graziano (hereinafter referred to as "Defendant Graziano"), is the Chief of Police of the City of Scranton Police Department and

has so served since July 2012. At all relevant times herein, Defendant Graziano

was employed by the Defendant City and was responsible for implementing and

regulating all customs, policies and practices for, as well as the supervision of, the

City of Scranton Police Department and its employees.

8.      At all relevant times, Defendant Graziano acted under color of state

law and pursuant to the custom, policy and practice of the Defendant City.

Defendant Graziano is being sued in his individual and official capacity.

9.      Defendant, Dina Albanesi Hammer (hereinafter referred to as

"Defendant Hammer"), is an adult individual who, at all times relevant herein, was

serving in her capacity as a sworn officer for the City of Scranton Police

Department, and was entrusted with the power to enforce the laws of the

Commonwealth and the Defendant City. Defendant Hammer was entrusted with

the power to protect the constitutional rights of those she encountered and, at all

times relevant herein, was acting under the authority and color of law, and acted in

concert with one or more of the Defendants with respect to the conduct alleged

herein. Defendant Hammer is being sued in both her individual and official

capacity.

10.     Defendant, Thomas McDonald (hereinafter referred to as "Defendant

McDonald"), is an adult individual who, at all times relevant herein, was serving in

his capacity as a sworn officer for the City of Scranton Police Department, and was

3

entrusted with the power to enforce the laws of the Commonwealth and the Defendant City. Defendant McDonald was entrusted with the power to protect the constitutional rights of those he encountered and, at all times relevant herein, was acting under the authority and color of law, and acted in concert with one or more of the Defendants with respect to the conduct alleged herein. Defendant McDonald is being sued in both his individual and official capacity.

11.     Defendants, John/Jane Doe 1-5, whose identities are unknown to Plaintiffs, are adult individuals who at all times relevant herein were serving in their capacity as sworn officers in the City of Scranton Police Department and were entrusted with the power to enforce the laws of the Commonwealth and the City of Scranton and were entrusted to protect the constitutional rights of those they encountered and at all times relevant herein were acting under such authority allotted to them by virtue of their positions as police officers and therefore acting under color of state law. John/Jane Doe #1-5 are being sued in both their individual and official capacities.

### III.   JURY TRIAL DEMANDED

12.     Plaintiffs demand a trial by jury in this matter.

## IV.   FACTUAL ALLEGATIONS

## A.   CONDUCT RELATED TO A. DOE

13.   Plaintiff incorporates by reference all previous paragraphs as if same were set forth herein at length.

14.   Plaintiff A. Doe has a date of birth of March 3, 1991.

15.   At all relevant times, Plaintiff A. Doe suffered from mental health issues as well as drug addiction.

16.   Plaintiff A. Doe has had continuous contact with law enforcement including the Scranton Police Department as a result of her addiction to drugs. This addiction was known to members of the Scranton Police Department and more specifically was known by Defendant McDonald who utilized Plaintiff A. Doe's addiction to drugs, vulnerability and the prospect of incarceration to his advantage wherein he would intentionally initiate contact with Plaintiff A. Doe in order to satisfy his sexual desires.

17.   In approximately August 2017, Plaintiff A. Doe was a passenger in her boyfriend's vehicle when he was pulled over by Defendant McDonald for a purported traffic violation.  As a result of this traffic stop, Plaintiff A. Doe was searched by Defendant McDonald.  She was found to be in possession of heroin and was arrested by Defendant McDonald.  Following this incident, she began working as a confidential informant, which included direct supervision by

5

Defendant McDonald.  Plaintiff A. Doe continued to work as a confidential

informant for the Scranton Police Department and Defendant McDonald on

various occasions through approximately August 2018.

18.   During the above time frame, acting under color of state law as an

undercover narcotics officer supervising a citizen informant, Defendant McDonald

would routinely manipulate, coerce and force Plaintiff A. Doe into unwanted

sexual contact which included, but was not limited to, Plaintiff A. Doe being

forced to perform oral sex on Defendant McDonald or face the prospect of

incarceration.

19.   The above described acts perpetrated by Defendant McDonald upon

Plaintiff A. Doe caused severe and permanent injury to Plaintiff A. Doe.

20.   Prior to any of the acts of harassment, intimidation and sexual contact

that were perpetrated upon Plaintiff A. Doe by Defendant McDonald, the

Defendant City knew or should have known of Defendant McDonald's misconduct

and failed to investigate Defendant McDonald and/or discipline Defendant

McDonald, allowing him to have continued access to female citizens of

Lackawanna County including Plaintiffs.  The Defendant City's failure to

investigate and/or discipline Defendant McDonald had the effect of sending a

message to Defendant McDonald that he could engage in such acts with impunity.

21.     Defendant McDonald's sexual victimization of Plaintiff A. Doe was ongoing from approximately the Spring 2017 through August 2018.

22.     The sexual misconduct of Defendant McDonald perpetrated upon Plaintiff A. Doe constituted a violation of her Constitutional rights which included her right to bodily integrity.

## B.     CONDUCT RELATED TO PLAINTIFF M. DOE

23.     Plaintiff incorporates by reference all prior paragraphs of Plaintiffs' Complaint as if the same were set forth herein at length.

24.     Plaintiff M. Doe has a date of birth of September 16, 1994.

25.     At all relevant times, Plaintiff M. Doe suffered from mental health issues as well as drug addiction.

26.     Plaintiff M. Doe has had contact with the Scranton Police Department since approximately 2014 as a result of her addiction to drugs.  This addiction was known to members of the Scranton Police Department and more specifically was known by Defendant McDonald who utilized Plaintiff M. Doe's addiction to drugs, vulnerability and fear of incarceration to his advantage wherein he would intentionally initiate contact with Plaintiff M. Doe in order to satisfy his sexual desires.

27.     In approximately 2017, Plaintiff M. Doe was a passenger in a vehicle that was pulled over by law enforcement.  Plaintiff M. Doe was searched, and

drugs and drug paraphernalia were found.  Plaintiff M. Doe agreed to work as an

informant in lieu of criminal prosecution.  While working as an informant, Plaintiff

M. Doe was under the supervision of Defendant McDonald.

28.     In April of 2018, Plaintiff M. Doe, while working as an informant

under the supervision of Defendant McDonald, made a controlled purchase of

heroin from Plaintiff A. Doe.  Plaintiff A. Doe was immediately taken into

custody.  During her arrest, Plaintiff A. Doe made allegations that Defendant

McDonald was having sex with numerous confidential informants including

Plaintiff A. Doe in return for leniency with respect to pending or future criminal

charges.  As a result of the allegations of Plaintiff A. Doe, Defendant Hammer, a

supervising officer employed by the Scranton Police Department, questioned

Plaintiff M. Doe concerning sexual contact she may have had with Defendant

McDonald.  This questioning of Plaintiff M. Doe took place in the presence of the

alleged perpetrator.  At that point, Plaintiff M. Doe denied the sexual contact

because she feared retaliation and the prospect of incarceration.  Upon information

and belief, no further investigation was done with respect to Defendant

McDonald's sexual misconduct with female informants.  In fact, Defendant

McDonald continued after April 2018 to have sexual relations with both Plaintiffs.

29.     From on or about early 2017 through the summer of 2018, acting

under color of state law as an undercover narcotics agent supervising a citizen

informant, Defendant McDonald would routinely manipulate, coerce and force Plaintiff M. Doe into unwanted sexual contact which included, but was not limited to, Plaintiff M. Doe being forced to engage in oral sex and sexual intercourse or face the prospect of incarceration.

30.     The above described acts perpetrated upon Plaintiff M. Doe by Defendant McDonald has resulted in severe and permanent injury to Plaintiff M. Doe.

31.     The Defendant City knew or should have known of the conduct of Defendant McDonald prior to the above incidents and failed to investigate and/or discipline Defendant McDonald sending a message to him that he could engage in such conduct with impunity.

## V.     PRIOR TORTIOUS CONDUCT OF DEFENDANT CITY

32.     Plaintiffs incorporate by reference all preceding paragraphs as though the same were set forth fully herein.

33.     Upon information and belief, other female informants working for the Scranton Police Department were continuously subjected to sexual abuse and/or harassment in violation of their civil rights by certain police officers employed by the Defendant City including Defendant McDonald.

34.     In approximately 2006, while a police officer with the Scranton Police Department, Officer Chris Davis would routinely pull over citizens and force them

to engage in unwanted sexual contact. Officer Davis pled guilty to such conduct as confirmed by his guilty plea in the Court of Common Pleas of Lackawanna County. The Defendant City settled a civil suit brought on behalf of one of Mr. Davis's victims for an undisclosed amount.

35.    Upon information and belief, Scranton Police Officer David Mitchell engaged in sexual activity with a female informant that predated the sexual misconduct perpetrated upon Plaintiffs in the instant matter. Although demoted at the time, Officer Mitchell was allowed to remain employed by the Defendant City. Recently, Officer Mitchell has been promoted. In effect, this has sent a message to other employees of the Scranton Police Department, including Defendant McDonald, that they can engage in such conduct with impunity.

36.    As such, Defendant City's notice of a culture of abuse of female informants predated the sexual victimization of Plaintiffs by Defendant McDonald and their failure to intervene or take other corrective measures was the cause of Plaintiffs' injuries.

## COUNT I
## FEDERAL CONSTITUTIONAL CLAIMS
## A. DOE and M. DOE v. DEFENDANT CITY and
## DEFENDANT GRAZIANO and DEFENDANT ALBANESI HAMMER
## (Monell Liability 42 U.S.C. §1983)

37.    Plaintiffs incorporate by reference all preceding paragraphs as if the same were set forth fully at length herein.

38.     Upon information and belief, prior to the Constitutional violations inflicted upon Plaintiffs, Defendant City and its Police Department developed and maintained policies and customs exhibiting deliberate indifference to the Constitutional Rights of female residents of Scranton, which was the moving force and/or cause of the violations of Plaintiffs' rights.

39.     It was the policy, custom and/or practice of Defendant City and its Police Department to inadequately and improperly investigate citizen complaints of police misconduct and that acts of misconduct were instead tolerated by Defendant City and its Police Department.

40.     It was the policy, custom and/or practice of Defendant City and its Police Department to inadequately supervise and train its police officers in reporting misconduct of other officers employed by Defendant City, including the misconduct of Defendant McDonald.

41.     It was the policy, custom and/or practice of the Defendant City and its Police Department to fail to provide and/or require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

42.     It was the policy, custom and/or practice of the Defendant City to allow female informants to work on an individual basis with male officers of the Scranton Police Department without the necessity of having two officers present when supervising, working with, and/or debriefing the informants.

43.    It was the policy, custom and/or practice of the Defendant City to have Scranton Police Officers work with female informants who were in active addiction.

44.    It was the policy, custom and/or practice of the Defendant City to fail to require Scranton Police Officers who were responsible for supervising informants to formally document each time they had contact with the informant.

45.    It was the policy, custom and/or practice of the Defendant City and/or Scranton Police Department to fail to supervise the contacts between the officers and the informants, thereby ignoring police misconduct perpetrated upon the informants.

46.    It was the policy, custom and/or practice of the Defendant City to neglect signing a written contract with the informant which detailed their rights and responsibilities while working as an informant.

47.    It was the policy, custom and/or practice of the Defendant City to fail to keep individual personnel files on each citizen informant.

48.    The actions and/or inactions of Defendant City and Defendant Graziano caused a policy, custom and/or practice of failing with deliberate indifference, to supervise, monitor and/or regulate and properly train Scranton City police officers, under the control of the Defendant City, with respect to their

obligation to maintain a strictly professional and non-sexual relationship with female informants.

49.    The actions and/or inactions of Defendant City and its Police Department deprived Plaintiffs of the rights, privileges, and immunities under the laws and Constitution of the United States in violation of 42 U.S.C. §1983.

50.    As a direct and proximate result of these unlawful and unconstitutional practices, Plaintiffs suffered severe and permanent injuries.

WHEREFORE, Plaintiffs respectfully request judgment in their favor pursuant to 42 U.S.C. §1988 with interest, costs, attorney fees, expert fees, punitive damages except as to the municipality, and other such relief as the Court may award in an amount in excess of $150,000.

### COUNT II
### 42 U.S.C. §1983
### SUBSTANTIVE DUE PROCESS
### FAILURE TO INVESTIGATE
### FAILURE TO ACT
### A.DOE and M. DOE vs. DEFENDANT DINA ALBANESI HAMMER

51.    Plaintiffs incorporate by reference all preceding paragraphs as if the same were set forth fully at length herein.

52.    At all relevant times, Defendant Hammer was employed as a police officer by the Defendant City.

53.    Defendant Hammer's acts or omissions were undertaken willfully, deliberately, and/or with deliberate indifference, and with reckless disregard to the

13

safety of the Plaintiffs' rights to bodily integrity in violation of both the United States Constitution and the Civil Rights Act.

54.    The above acts and/or omissions of Defendant Hammer include the following:

     a.  Failing to investigate complaints of sexual misconduct that were alleged against Defendant McDonald;

     b.  Failing to notify superior officers and/or detectives in an effort to have Defendant McDonald's alleged sexual misconduct properly investigated;

     c.  Allowing Defendant McDonald to have continued access to female informants, including the Plaintiffs, prior to a thorough investigation into his alleged sexual misconduct; and,

     d.   Failing to follow any acceptable police protocol when confronted with an allegation of sexual misconduct of a co-worker.

55.    As a direct and proximate result of these unlawful and unconstitutional practices, Plaintiffs suffered severe and permanent injuries.

WHEREFORE, Plaintiffs respectfully request judgment in their favor pursuant to 42 U.S.C. §1988 with interest, costs, attorney fees, expert fees, punitive damages except as to the municipality, and other such relief as the Court may award in an amount in excess of $150,000.

14

## COUNT III
## 42 U.S.C. §1983
## SUBSTANTIVE DUE PROCESS
## FAILURE TO INVESTIGATE
## FAILURE TO ACT
## A.DOE and M. DOE vs. DEFENDANTS JOHN/JANE DOE 1-5

56.     Plaintiffs incorporate by reference all preceding paragraphs as if the same were set forth fully at length herein.

57.     At all relevant times, Defendants John/Jane Doe were employed as police officers by the Defendant City.

58.     Defendant John/Jane Doe's acts or omissions were undertaken willfully, deliberately, and/or with deliberate indifference, and with reckless disregard to the safety of the Plaintiffs' rights to bodily integrity in violation of both the United States Constitution and the Civil Rights Act.

59.     The above acts and/or omissions of Defendant John/Jane Doe's include the following:

      a. Failing to investigate complaints of sexual misconduct that were alleged against Defendant McDonald;

      b. Failing to notify superior officers and/or detectives in an effort to have Defendant McDonald's alleged sexual misconduct properly investigated;

    c.  Allowing Defendant McDonald to have continued access to female informants, including the Plaintiffs, prior to a thorough investigation into his alleged sexual misconduct; and,

    d.  Failing to follow any acceptable police protocol when confronted with an allegation of sexual misconduct of a co-worker.

60.    As a direct and proximate result of these unlawful and unconstitutional practices, Plaintiffs suffered severe and permanent injuries.

WHEREFORE, Plaintiffs respectfully request judgment in their favor pursuant to 42 U.S.C. §1988 with interest, costs, attorney fees, expert fees, punitive damages except as to the municipality, and other such relief as the Court may award in an amount in excess of $150,000.

**COUNT IV**
**42 U.S.C. §1983**
**A. DOE vs. DEFENDANT THOMAS MCDONALD**

61.    Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth fully at length herein.

62.    Defendant McDonald's conduct against Plaintiff, A. Doe, constituted a violation of her right to bodily integrity under the Fourth and Fourteenth Amendments of the United States Constitution.

63.    Defendant McDonald's conduct against Plaintiff A. Doe constitutes a violation of her right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments of the United States Constitution.

64.    Defendant McDonald's conduct therefore was a deprivation, under color of state law, of rights guaranteed to the Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

65.    As a result of Defendant McDonald's violations of the Plaintiff's Constitutional rights, Plaintiff A. Doe suffered serious and permanent injuries.

WHEREFORE, Plaintiff A. Doe demands judgment in her favor and against the Defendant for compensatory damages in excess of $150,000 and punitive damages in excess of $150,000 plus interest, costs, attorney fees and any such other relief as this Court may deem justified.

### COUNT V
### 42 U.S.C. §1983
### M. DOE vs. DEFENDANT THOMAS MCDONALD

66.    Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth fully at length herein.

67.    Defendant McDonald's conduct against Plaintiff M. Doe constituted a violation of her right to bodily integrity under the Fourth and Fourteenth Amendments of the United States Constitution.

68.     Defendant McDonald's conduct against Plaintiff M. Doe constitutes a violation of her right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments of the United States Constitution.

69.     Defendant McDonald's conduct therefore was a deprivation, under color of state law, of rights guaranteed to the Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

70.     As a result of Defendant McDonald's violations of the Plaintiff's Constitutional rights, Plaintiff M. Doe suffered serious and permanent injuries.

WHEREFORE, Plaintiff M. Doe demands judgment in her favor and against the Defendant for compensatory damages in excess of $150,000 and punitive damages in excess of $150,000 plus interest, costs, attorney fees and any such other relief as this Court may deem justified.

COMERFORD LAW

*/s/ Matthew T. Comerford*

Matthew T. Comerford, Esquire
204 Wyoming Avenue
Scranton, PA 18503
(570) 880-0777