UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A. DOE, *et al.*, | : |
| Plaintiff | : CIVIL ACTION NO. 3:20-490 |
| | : |
| v. | : (JUDGE MANNION) |
| | : |
| CITY OF SCRANTON, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

Pending before the court is the defendant Thomas McDonald's motion to stay all proceedings in this case pending the resolution of a criminal investigation and charges anticipated to be filed against him which relate to the claims in the plaintiffs' complaint, i.e., McDonald allegedly used his position as a police officer to coerce sex from women he used as confidential informants in drug cases he was investigating. (Doc. 14). Also pending is McDonald's motion for an extension of time to file an answer to plaintiff's complaint until the criminal investigation is completed and/or the resolution of the criminal charges that are expected to be filed against him. (Doc. 13). Based upon the court's review of the motion to stay and related materials,

the motion will be **GRANTED** and, this case will be **STAYED**. The motion for an extension of time will also be **GRANTED**.

I.   BACKGROUND

By way of relevant background, plaintiffs, A. Doe and M. Doe, two women who will remain anonymous, filed a civil rights complaint, under 42 U.S.C. 1983, on March 26, 2020, alleging that they were subjected to sexual abuse and misconduct by McDonald while he was acting in his capacity as a police officer for defendant City of Scranton. Also named as defendants is the former Chief of Police, Carl Graziano, and officer Dina Albanesi Hammer as well as five John/Jane Doe Defendants, who are officers with the City of Scranton's Police Department, and who allegedly acquiesced to and permitted McDonald's improper conduct to continue, and failed to protect plaintiffs from McDonald.

In their complaint, plaintiffs alleged claims in Count I against the City, and supervisory defendants Graziano and Albanesi Hammer for violations of their constitutional rights pursuant to Monell. Plaintiffs also raise claims against Albanesi Hammer, Count II, and against Doe defendants 1-5, Count III, for violations of their substantive due process rights under the 14th Amendment, as well as claims that these defendants failed to investigate

complaints of sexual misconduct made against McDonald and failed to notify superior officers about his alleged misconduct. In Counts IV and V, each plaintiff raises constitutional claims against McDonald under the 4th and 14th Amendments alleging that he violated their right to bodily integrity and their right to be free from unreasonable search and seizure.

Plaintiffs sue the individual defendants in both their individual and official capacity, and they seek compensatory and punitive damages.

After the named defendants were served with the complaint, the City and Graziano jointly filed an answer with affirmative defenses on June 4, 2020. (Doc. 8). On June 29, 2020, Albanesi Hammer filed her answer with affirmative defenses to the complaint. (Doc. 12).

On July 24, 2020, McDonald filed his instant motions for an extension of time to answer the complaint, (Doc. 13), and to stay all proceedings in this civil case pending resolution of his related criminal investigation and any criminal charges, (Doc. 14). He simultaneously filed his brief in support. (Doc. 15).

On August 10, 2020, plaintiffs filed their brief in opposition.

McDonald did not file a reply brief and the time within which it was due has expired.

The other defendants concurred in both of McDonald's motions.

## II.     STANDARD

The decision to stay a case is within the sound discretion of the district court. <u>Barker v. Kane</u>, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016). The court considers the following six factors when determining if a civil case should be stayed pending resolution of a related criminal proceeding: "(1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest." <u>Id</u>. at 525-26.

"A limited stay of discovery [is also] within [the court's] discretion." <u>Boyer v. Donkocjik</u>, 2020 WL 1914748, *2 n. 2 (M.D. Pa. April 202, 2020) (citing <u>Piazza v. Young</u>, 403 F.Supp. 3d 421, 446 (M.D. Pa. 2019) (imposing limited stay of some discovery and proceedings with respect to certain—but not all—defendants)).

## III. DISCUSSION

The court will now address the six factors *seriatim*.

The first factor "is widely considered 'the most important threshold issue' in determining whether or not to impose a stay." Barker, 149 F.Supp.3d at 526. Here, the issues in this civil rights action and in the pending criminal investigation into McDonald's conduct clearly and completely overlap. Plaintiffs' claims in this case all hinge on the alleged unlawful conduct of McDonald in abusing his authority as a police officer to force them to have sex with him in return for leniency regarding possible criminal charges against them. "This material overlap between the civil and criminal proceedings weighs in favor of granting the requested stay." *Id*. at 527.

As to the second factor, the status of the criminal proceedings, the court in Barker, *id*., explained:

> A stay is most appropriate when criminal charges have been filed against the moving party. Pre-indictment requests to stay parallel civil litigation are routinely denied because the defendant faces a reduced risk of self-incrimination. Further, the requested postponement is typically contingent upon a criminal investigation of indefinite duration. When a party seeking a stay has not yet been indicted, the court may deny the motion "on that ground alone."

(internal citations omitted).

The parties indicate that no criminal charges have been filed against McDonald. However, McDonald states that it is "fully expected" charges will be filed against him after the investigation into his conduct is complete. No doubt that a criminal investigation was initiated into McDonald's conduct as the Exhibits attached to McDonald's motion and brief show, and that it appears charges are imminent. McDonald states that since criminal charges against him are imminent, he will face substantial risk of self-incrimination in violation of the 5th Amendment during the civil discovery process as well as the risk of exposing his criminal defense strategy. McDonald also states that once he is charged his criminal case will proceed expeditiously due to Speedy Trial rights.

It appears that the criminal investigation into McDonald commenced during the summer of 2020 and that the investigation has been ongoing for some time. If McDonald is charged, the criminal case will be governed by strict timelines. Thus, the court finds even though the duration of the stay is unknown, that the second factor weighs in favor of a stay since it likely will be of a limited duration if McDonald is charged.

Third, "Courts must [] examine the risk of prejudice to the plaintiff if the requested stay is imposed." "The mere fact of a less expeditious resolution is insufficient to show prejudice", and "Plaintiffs may be required to

'demonstrate a particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay.'" *Id*. at 528 (internal citations omitted).

Plaintiffs have not shown any unique injury or "identif[ied] any interests so substantial or time-sensitive as to require immediate resolution [of their civil claims]", *id*. at 529, if their civil case is stayed. Also, as indicated, any stay will be of a limited duration since Speedy Trial rights will come into play if the anticipated charges are filed against McDonald.

The court also notes that even though McDonald has not yet been charged and plaintiffs point out that the criminal investigation has been ongoing for some time now without charges, since plaintiffs filed this case about one year ago in March 2020, very little activity has occurred in this case. In fact, plaintiffs have not even identified their Doe defendants despite having significant time to do so.

Plaintiffs also suggest a limited stay be imposed to allow them to proceed with discovery against their other defendants. However, since McDonald's alleged conduct is central to any discovery in this case and since the other defendants may have knowledge pertinent to the ongoing criminal investigation, if limited discovery is permitted against these other defendants the investigation may be compromised.

The fourth factor is the burden on defendant. McDonald states that if the stay is not granted, he would be burdened with responding to potentially self-incriminating questions during civil discovery. "The risk of self-incrimination is greatest when significant overlap exists between civil and criminal matters and criminal charges have been filed against the defendant." *Id*. As mentioned, plaintiffs' civil rights claims significantly overlap with the possible criminal charges McDonald will most likely face since they are both based on the same alleged underlying unlawful conduct.

As such, the court finds that if civil discovery is permitted to proceed simultaneously with McDonald's criminal prosecution, once he is charged, McDonald will clearly risk self-incrimination. Also, if McDonald invokes his 5th Amendment privileges during civil discovery, then any discovery involving McDonald will have to be suspended and his ability to defend himself in the civil case will be impeded. On the other hand, if McDonald waived his 5th rights during civil discovery, as he states, "he is [] burdened by being forced to reveal his criminal defense strategy to the government." Once the expected criminal case against McDonald is completed, he would be required to respond to discovery requests and to be deposed without any 5th Amendment concerns. Thus, the fourth factor also weighs in favor of granting the stay.

Finally, the court considers the interests of the court and the public. No doubt that "[b]oth the court and the public have a compelling interest in the efficient resolution of cases." *Id*. The court has found that McDonald has legitimate 5th Amendment concerns in this case and as McDonald points out, if a stay is not granted he will likely assert his 5th Amendment rights during civil discovery. Such an assertion of his rights would certainly hinder the civil case from proceeding. Further, as McDonald states, judicial economy weighs in favor of a stay since "a criminal conviction against [him] will likely encourage the parties to settle the civil litigation."

### IV.     CONCLUSION

Based on the foregoing, the court will grant McDonald's motion to stay this civil action pending resolution of the criminal investigation and expected criminal charges against him. (Doc. 14). McDonald's motion for an extension of time to file his answer to plaintiffs' complaint, (Doc. 13), will also be granted until fourteen (14) days after the stay in this case is lifted. In order to minimize any prolonged indefinite stay, the parties will be directed to provide the court with quarterly status reports commencing June 1, 2021, regarding the ongoing criminal investigation into McDonald's conduct and any charges that may be filed against him.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 18, 2021**
20-490-01